UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN AQUINO, as next of friend of FERNANDO GAUD,

    Plaintiff,

v.                                Case No.: 2:25-cv-281-SPC-NPM

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, MARY HOWARD WINTER, JOSE RIVERO, DAVID NALS, MARILYN MOLINA, DAVID POST, ANGELA J. JONES, and UNKNOWN VA FIDUCIARY OFFICIALS,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Darren Aquino's Complaint. (Doc. 1). Aquino is the nephew of Fernando Guad, a veteran and beneficiary of certain VA benefits. Aquino, proceeding without counsel, sues on behalf of Guad for withheld benefits. But this is not his first time attempting to do so. Previously, Aquino brought this same case (*Aquino v. Rivero, et al.*, 2:24-cv-746-SPC-KCD), which this Court dismissed for lack of subject-matter jurisdiction. After the Eleventh Circuit dismissed Aquino's appeal for failure to prosecute, he filed this new action.

The Court must again dismiss Aquino's case. Aquino's complaint is not a complaint at all. Rather than provide a short and plain statement of the claim, he "incorporates by reference the record and pleadings from Case No. 2:24-cv-00746-SPC-KCD, filed in this Court, including the original and amended complaints" and all motions and orders. (Doc. 1 ¶ 8). Apart from the impropriety of incorporating another pleading, this tactic is self defeating.

Aquino brought the prior case and brings the present one under federal-question and supplemental jurisdiction. In the prior case, Aquino based his federal claims on the VA's purported failure to appoint him as the fiduciary of Gaud's benefits. As such, the Court found it lacked jurisdiction over them because the Veterans Judicial Review Act ("VJRA") precludes judicial review of such claims in this Court. *See e.g.*, *Simpson v. US Veterans Admin.*, 582 F. Supp. 3d 1120, 1125 (S.D. Ala. 2022), *aff'd sub nom. Simpson v. U.S. Veterans Admin.*, No. 22-10636, 2022 WL 17247565 (11th Cir. Nov. 28, 2022) (stating that the VJRA precludes judicial review of actions challenging fiduciary appointments). Because the Court lacked jurisdiction over the federal claims, it also dismissed the state-law claims. Aquino seeks to incorporate the prior pleadings here, so his second attempt fairs no better. The Court still lacks subject-matter jurisdiction, and this case must be dismissed.

As an aside, Aquino brings this action pro se on behalf of Guad. But Aquino is not an attorney nor has legal representation, so he cannot bring this

action as next of friend of Guad. *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (explaining the right to appear pro se "is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others"); *Kabbaj v. Obama*, No. 11-23492-CIV, 2012 WL 626225, at *2 (S.D. Fla. Feb. 24, 2012) ("While an individual may proceed pro se, a pro se plaintiff may not bring an action as a next friend of another."). This is yet another reason to dismiss this case. *See Wint by & through Wint v. Fla. Palm Beach Sheriff*, 842 F. App'x 468, 471 (11th Cir. 2021) ("Ordinarily, if a party is represented by a non-attorney, a court may dismiss without prejudice.").[1]

Accordingly, it is **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 16, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[1] Although Aquino moved for court-appointed counsel (Doc. 4), "there is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in truly exceptional circumstances." *Ally v. Hous. Auth. of the City of Orlando*, No. 6:20-cv-1518-ORL-78-LRH, 2020 WL 10056072, at *1 (M.D. Fla. Oct. 6, 2020) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). Aquino has not made such a showing, so his motion to appoint counsel would be denied anyway.