UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN AQUINO, as next of friend of FERNANDO GUAD,

    Plaintiff,

v.

Case No.: 2:25-cv-281-SPC-NPM

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, MARY HOWARD WINTER, JOSE RIVERO, DAVID NALS, MARILYN MOLINA, DAVID POST, ANGELA J. JONES, and UNKNOWN VA FIDUCIARY OFFICIALS,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Darren Aquino's Rule 60 motion to vacate the Court's dismissal order. (Doc. 33). Aquino, proceeding without counsel, brought this action on behalf of his uncle, Fernando Guad, for withheld VA benefits. The Court dismissed Aquino's complaint because (1) the Court lacks subject-matter jurisdiction, and (2) Aquino cannot represent Guad pro se since he is not a licensed attorney. (Doc. 6). Plaintiff now moves to vacate this Order under Rule 60(b).

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specifically identified reasons. Fed. R. Civ. P. 60(b)(1)–(6). A Rule 60(b) motion is intended "only for extraordinary circumstances" and the requirements of the rule must be strictly met. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). Motions under Rule 60(b) "are directed to the sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

In his motion, Aquino presents no extraordinary circumstances to warrant vacating the Court's dismissal order. The only ground he offers that is worth mentioning is his claim that the Court misidentified Aquino as the Plaintiff rather than Gaud, the real party in interest. Even assuming this is true, this does not alter the fact that Aquino cannot represent Gaud or that the Court lacks subject-matter jurisdiction. So this case would be dismissed either way.[1]

Accordingly, it is

**ORDERED:**

Aqunio's Rule 60(b) Motion to Vacate (Doc. 33) is **DENIED**.

---

[1] Although Aquino filed a notice of appeal (Doc. 14), the Court retains jurisdiction to deny a Rule 60(b) motion. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003).

**DONE** and **ORDERED** in Fort Myers, Florida on May 8, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3